50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney Bernard SURRATT, Petitioner-Appellant,
v.
Robert REDMAN, Warden, Respondent-Appellee.
 No. 94-1965.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1995.
 
 Before: BROWN, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Rodney Bernard Surratt, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1983, Surratt pleaded guilty to two counts of second degree murder and one count of armed robbery. He was sentenced to three concurrent terms of life imprisonment. After exhausting his available state court remedies, Surratt filed his habeas petition contending that his life sentences: 1) violated the legislative intent and purpose of Michigan's sentencing act; 2) circumvented state statutory laws; and 3) violated his due process and equal protection rights. Upon de novo review of a magistrate judge's report and over Surratt's objections, the district court dismissed the petition as without merit.
 
 
 3
 In his timely appeal, Surratt only raises his due process and equal protection arguments. Surratt requests oral argument and moves for the appointment of counsel.
 
 
 4
 Initially, we note that Surratt has not raised the legislative intent and circumvention arguments on appeal. Therefore, these arguments are considered abandoned and not reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 We affirm the district court's judgment because Surratt has not shown that the proceedings against him were fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Surratt contends that his due process rights were violated because his sentences were not authorized under state law. However, under Mich.Comp.Laws Sec. 769.9(2), the trial judge has the discretion of sentencing a defendant to life imprisonment or a term of years. Surratt's life sentences are authorized under Michigan law. Therefore, no due process violation has occurred.
 
 
 7
 Surratt also feels that his life sentences violate his constitutional right to good time credits. Surratt argues that Michigan should be required to use an actuary table which the state has developed for life insurance policies, see Mich.Comp.Laws Sec. 500.834, to determine his expected date of death. Then, the state should be required to use Surratt's earned good time credits as a regressive coefficient from the day of his expected demise to determine his early release date. Although Surratt is subject to release by the Michigan Parole Board after serving ten years of his sentence, see Mich.Comp.Laws Sec. 791.234(4), good time credits are not taken into account for those prisoners serving life sentences. Id.; cf. Mich.Comp.Laws Sec. 791.234(1) (good time credits are considered when determining release date of a prisoner sentenced to a term of years). Therefore, the argument is meritless.
 
 
 8
 Finally, Surratt feels that his sentence violates his equal protection rights because he is being treated more like a habitual offender rather than a first time offender. However, Surratt has provided no evidence that he is being treated any differently than similarly situated prisoners.
 
 
 9
 Accordingly, we deny the request for oral argument and the motion to appoint counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.